# EXHIBIT "1"

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OCWEN LOAN SERVICING, LLC; LAW OFFICES OF LES ZIEVE;
and DOES 1 through 50, inclusive



FILED

2016 MAY 10  A 9: 49

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

BY: _____ DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRIS MBAMAONYEKWU

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Contra Costa County Superior Court

**CASE NUMBER:**
*(Número del Caso):* **C16-00887**

725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc Applbaum, 2150 W Washington Street, Suite 104 San Diego, CA 92110 Tel: (619) 756-7300

DATE: MAY 10 2016        Clerk, by _____ , Deputy
*(Fecha)*                    *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Ocwen Loan Servicing, LLC

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Corporation
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit 1**
**Page 8**

Kettner Law Corporation
Marc Applbaum (SBN 222511)
2150 W Washington Street, Suite 104
San Diego, CA 92110
Tel: (619) 756-7300
Fax: (619) 363-3944
marc@kettnerlawcorp.com

Attorney for Plaintiff, CHRIS MBAMAONYEKWU

FILED

2016 MAY 10 A 9: 49

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY:_____
DEPUTY CLERK
D. SNIDER

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____ 69

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| CHRIS MBAMAONYEKWU | Case No. **C 16 - 0 0 8 8 7** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS** |
| OCWEN LOAN SERVICING, LLC; LAW OFFICES OF LES ZIEVE; and DOES 1 through 50, inclusive, | 2. **STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.** |
| | 3. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendants. | 4. **NEGLIGENCE** |
| | 5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | 6. **BREACH OF EQUAL CREDIT OPPORTUNITY ACT** |
| | 7. **FOR DECLARATORY RELIEF** |
| | 8. **FOR INJUNCTIVE RELIEF** |
| | **JURY TRIAL DEMANDED** |

Plaintiff, CHRIS MBAMAONYEKWU, declares as follows:

- 1 -

BY FAX

Exhibit 1
Page 9

## PARTIES

1. Plaintiff, CHRIS MBAMAONYEKWU, ("Plaintiff") is, and at all times relevant to the facts herein was, an individual residing in real property commonly known as **1610 Summer Lane, Richmond, CA 94806** ("subject property") located in the County of Contra Costa, in the State of California.

2. Plaintiff is informed and believes and based thereon alleges that Defendant OCWEN LOAN SERVICING, LLC ("OCWEN") is, and at all times relevant to the facts herein was, a limited liability company registered in the state of California, doing business in the County of Contra Costa, State of California as current loan servicer and current loan investor.

3. Plaintiff is informed and believes and based thereon alleges that Defendant LAW OFFICES OF LES ZIEVE ("ZIEVE") is, and at all times relevant to the facts herein was, a law office registered in the state of California, doing business in the County of Contra Costa, State of California as current loan trustee.

4. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, are unknown to Plaintiff who sues each Defendant by such fictitious names. Plaintiff is informed and believes and based thereon alleges each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, was responsible for events and happenings referred to herein, either contractually or tortuously. When Plaintiff ascertains the true names of capacities of DOES 1 through 50, he will amend this complaint accordingly.

5. Plaintiff is informed and believes and based thereon alleges that Defendants and each of them, are, and at all times herein were, the agents, joint ventures, officers, members, representatives, servants, consultants or employees of their co-defendants, and in committing the acts herein allege, were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-defendants.

//
//

MBAMAONYEKWU v. OCWEN LOAN SERVICING, LLC – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit 1
Page 10

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter, as the Subject Property is located in the County of Contra Costa, California.

7.     In addition, this Court has subject matter jurisdiction over the claims raised herein pursuant to *California Constitution* Article VI, section 10, which grants this Court "original jurisdiction in all causes except those given by statute to other trial courts."

8.     Defendants herein purposefully directed their activities to the State of California. As a result, Defendants caused an event or events to occur in California, and more particularly in the County of Contra Costa, out of which this action arises and which form the basis of this action.

9.     Defendants either are entities duly licensed to do business in the State of California or are entities that regularly conduct business within this judicial district within California.

10.     Venue is proper for this Court since the Subject Property is located in the County of Contra Costa and because events or events out of which this action arises and which form the basis for this action arise in the County of Contra Costa.

## STATEMENT OF FACTS

11.     On or about November 28, 2006, Plaintiff financed the Subject Property for $373,173.00. As evidence of the loan, Plaintiff executed a promissory note ("Note"), and concurrently executed Deed of Trust ("Deed of Trust") as security for the Note. The Deed of Trust for the Subject Property was recorded as Document No. 2006-0384328-00 in the Official Records of the Contra Costa County Recorder's Office. The named Lender in the Deed of Trust was DHI Mortgage Company, LTD, LP. The named Trustee in the Deed of Trust was First American Title.

12.     The Subject Property is Plaintiff's principal residence and is owner-occupied.

13.     On or about June 18, 2014, an Assignment of Deed of Trust was executed, and by that Assignment, all rights, title and interest under the Deed of Trust were assigned to

MBAMAONYEKWU v. OCWEN LOAN SERVICING, LLC – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit 1
Page 11

Defendant OCWEN. The Assignment of Deed of Trust was recorded as Document No. 2014-0099120-00 in the Official Records of the Contra Costa County Recorder's Office.

14. During or around the beginning of 2015, Plaintiff began experiencing financial difficulties. Plaintiff contacted OCWEN, his loan servicer, for assistance. OCWEN advised Plaintiff that he would qualify for a loan modification if Plaintiff fell, and remained, at least two months behind on his mortgage payments.

15. Plaintiff was hesitant about falling behind on his loan since he had been current at the time, but OCWEN advised Plaintiff he had no other alternative. Additionally, OCWEN promised Plaintiff that no foreclosure proceedings would initiate while Plaintiff was under active review for modification.

16. Plaintiff followed all instructions asked of him by OCWEN. Plaintiff withheld payment for the following two months and gathered and completed all necessary documents for an application. Plaintiff then submitted an application for loan modification into OCWEN for review. OCWEN informed Plaintiff they had received his application for modification and promised they would notify Plaintiff of a decision within the following thirty days.

17. Plaintiff spent the following months reaching out to OCWEN for status updates and assistance. OCWEN ignored Plaintiff's correspondence rather than answer Plaintiff's questions or return his phone calls.

18. After months of futile contact, OCWEN sent Plaintiff a letter indicating his application was incomplete for missing documents. Plaintiff was furious that OCWEN was just then notifying him of missing documents after Plaintiff had received prior assurances from multiple OCWEN representatives that his application was complete and in review.

19. Plaintiff contends he submitted all required documents for a loan modification. OCWEN had either lost or misplaced Plaintiff's submitted documents. Plaintiff suffered great anxiety since the documents OCWEN lost or misplaced contained highly sensitive and confidential information concerning Plaintiff's state of financial affairs. Nevertheless, Plaintiff resubmitted all requested documents into OCWEN and continued to await a resolution.

Exhibit 1
Page 12

20.     At that point, Plaintiff wanted to establish a single point of contact with OCWEN to ensure he could speak to the same representative who was knowledgeable about Plaintiff's affairs thus far. Throughout Plaintiff's dealings with OCWEN, his single point of contact changed on multiple occasions. Plaintiff rarely spoke with his assigned contact and, rather, was transferred from one representative to another all of whom gave conflicting answers to questions and inaccurate status updates.

21.     Plaintiff's voicemails consistently went unanswered. The only updates obtained were a result of Plaintiff's due diligence in consistently contacting OCWEN, rather than vice-versa as required by the Homeowner Bill of Rights. An uncommunicative single point of contact does not satisfy the requirement under Cal. Civ. Code §2923.7.

22.     Plaintiff felt as though OCWEN had failed to provide him meaningful assistance since they were ignoring Plaintiff's every request. OCWEN greatly delayed Plaintiff's modification review and put Plaintiff in a position whereby if Plaintiff were not offered a modification he would not be able to reinstate his loan since he was withholding payment per OCWEN's advice.

23.     During or around November, 2015, Plaintiff received notification that OCWEN had denied Plaintiff's request for loan modification. Plaintiff immediately contacted OCWEN to understand why he had been denied. Plaintiff asked a representative if he could appeal OCWEN's denial, but the representative inaccurately informed Plaintiff that an appeal was not possible.

24.     Plaintiff received no further assistance from OCWEN and has yet to be provided with an answer to his pending appeal, despite OCWEN's inducing him into default in the first place.

25.     On or about February 10, 2016, Defendants caused to be recorded a Substitution of Trustee which purported to replace the original trustee under the Deed of Trust with Defendant ZIEVE. The Substitution of Trustee was recorded as Document No. 2016-0023287-00 in the Official Contra Costa County Recorder's Office Records.

Exhibit 1
Page 13

26.     On or about February 10, 2016, Michael Busby, purporting to be an agent of ZIEVE, and alleging to be the trustee under the Deed of Trust, caused to be recorded a Notice of Default and Election to Sell under Deed of Trust ("NOD") in the Official Contra Costa County Recorder's Office Records as Document No. 2016-0023288-00.

27.     Defendants failed to abide by Civil Code 2923.55 due to the fact that they did not review Plaintiff's financial situation and further did not advise him of all options available to avoid foreclosure.

28.     Defendants failed in their obligations to both offer assistance to Plaintiff prior to the Notice of Default and meeting communication requirements once Plaintiff was able to submit a request. Defendants did not offer Plaintiff a meaningful review as required by California law.

29.     Defendants are actively moving toward foreclosure of the home and took clear steps to satisfy this state's requirements toward a non-judicial foreclosure, including recording a Notice of Default.

30.     Plaintiff now faces the loss of the Subject Property, as well as the lost opportunity to pursue foreclosure prevention options that he would have pursued but for the Defendants' violation of California Civil Code section 2924 et. seq. Defendants violated communication requirements under the California Homeowners Bill of Rights and failed to rescind the Notice of Default to remedy said violations.

31.     Consequently, Plaintiff is informed and believes and based thereon alleges that the negotiations were not in good faith, and were a mere "smoke screen" for use by defendant to lull Plaintiff into a state of complacency while his home is foreclosed on and taken from him.

32.     By way of this Complaint, Plaintiff seeks a temporary restraining order, followed by a preliminary injunction, enjoining Defendants from selling Plaintiff's property at auction. Plaintiff also seeks damages for Defendants blatant violation of the requirements of California Civil Codes §§ 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, 2924.11, 2924.12.

//

//

Exhibit 1
Page 14

## FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS

(Against ALL Defendants)

33. Plaintiff hereby incorporates by this reference paragraphs 1 through 32, as fully set forth herein.

34. The Homeowner Bill of Rights consists of a series of related bills including two identical bills that were passed on July 2, 2012 by the state Senate and Assembly: AB 278 (Eng, Feuer, Pérez, Mitchell) and SB 900 (Leno, Evans, Corbett, DeSaulnier, Pavley, Steinberg). Both of which ultimately give rights back to borrowers and create a system in which banks can be held accountable for pursuing their own interests above the borrowers.

35. Lenders are now legally obligated to ensure a borrower receives "meaningful" opportunity to be considered for any and all options available to avoid foreclosure. It also guarantees struggling homeowners a single point of contact at their lender with knowledge of their loan and direct access to decision makers, and imposes civil penalties on fraudulently signed mortgage documents.

36. Plaintiff contends that California Civil Code § 2923.6 mandates that a good faith review and an actual exploration take place regarding the borrower's financial situation and the borrower's options to stay in his home. It is the servicer's obligation to act in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which the following apply:

(1) The loan is in payment default or payment default is reasonably foreseeable;

(2) Anticipated recovery under loan modification or work-out plan exceeds the anticipated recovery through foreclosure on a net present value basis;

(3) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offers the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

- 7 -

Exhibit 1
Page 15

37.     Plaintiff alleges that Defendants violated Civil Code §2923.6. Plaintiff requested mortgage relief assistance on numerous occasions to help save his home from foreclosure yet received nothing but runaround assistance from Defendants.

38.     California Civil Code section 2924.18 prohibits a mortgage servicer from commencing or continuing the foreclosure process pending a completed review of a loan modification application submitted by a borrower and until after the borrower has been provided with a written decision about eligibility for a loan modification.

39.     Plaintiff alleges that Defendants continued the foreclosure process without offering Plaintiff any assistance regarding how to avoid foreclosure. On multiple occasions, Plaintiff demanded assistance from Defendants, but Defendants only ignored Plaintiff's requests for help.

40.     Defendants' inability to accurately inform Plaintiff of further instructions, missing and/or expiring documents, and status updates caused Plaintiff to believe on multiple occasions Defendants would provide Plaintiff no assistance, all the while as Defendants continued to push closer to foreclosure.

41.     California Civil Code section 2923.7 provides that upon the request of a foreclosure prevention alternative, the mortgage servicer "shall promptly establish a single point of contact and provide the borrower one or more direct means of communication with the single point of contact."

42.     Despite Plaintiff's request for assistance with an alternative to foreclosure, the numerous representatives at OCWEN that Plaintiff spoke with were unable and/or unwilling to help and consistently gave Plaintiff vague answers to questions. Said representatives failed to offer adequate assistance to Plaintiff including further instructions and status updates regarding an application for assistance.

43.     Plaintiff has suffered and will continue to suffer substantial irreparable harm, including but not limited to the potential loss of the Subject Property, the cost and expense of the instant pending litigation, continuing emotional distress, and other actual consequential damages

Exhibit 1
Page 16

that will be proven on date of trial. Furthermore, Plaintiff has been harmed in that Plaintiff was unable to exercise his right to reinstate the loan under Cal. Civil Code section 2924c, as well as exercise his right to secure other alternatives to foreclosure.

## SECOND CAUSE OF ACTION

### STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

(Against ALL Defendants)

44.     Plaintiff hereby incorporates by this reference paragraphs 1 through 43, as though fully incorporated herein.

45.     Defendants' conduct as alleged herein constitutes unlawful, unfair or fraudulent business act(s) or practice(s) within the meaning of California Business and Professions Code §17200 et seq.

46.     Specifically, Defendants are unlawfully and unfairly proceeding with foreclosure against California homeowners, including Plaintiff, in direct violation of California Civil Code foreclosure procedure statutes, including newly amended statutes implemented effective January 1, 2013 by way of AB 237 and SB 900.

47.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without contacting them to explore options to avoid foreclosure as required by law. In fact, as was the case here, Defendants are purposefully precluding homeowner attempts to apply and qualify for any and all workout options.

48.     Upon information and belief, Defendants have pattern and practice of foreclosing on property of California homeowners without giving opportunity for, agreeing to or implementing a modification or workout as required by California Civil Code §2923.6 when loan payments are in default or default is reasonably foreseeable and anticipated recovery under the workout exceeds the anticipated recovery through foreclosure on a net present value basis.

- 9 -

Exhibit 1
Page 17

49.     Plaintiff has additionally been damaged in the amount of foreclosure fees and costs already charged to and added to Plaintiff's loan, in an amount to be proven at trial.

50.     The fees and costs charged by Defendants were charged without any legal authority to do so and in direct violation of the statutory mandate of California Civil Code §2923.55 and §2923.6.

51.     Defendants must be required to disgorge any profit or gain that they obtained as a result of their wrongful conduct as herein alleged.

52.     Plaintiff is entitled to equitable relief in the form of an order requiring Defendants to disgorge all profits or gain they have obtained from Plaintiff or at the expense of Plaintiff and members of the general public by reason of their unlawful, unfair or fraudulent business act(s) and practice(s) and an injunction enjoining Defendants from continuing said acts or practices.

### THIRD CAUSE OF ACTION

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

#### (Against ALL Defendants)

53.     Plaintiff hereby incorporates by this reference paragraphs 1 through 52, as though fully set forth herein.

54.     Defendants' conduct, as alleged, constitutes a breach of the covenant of good faith and fair dealing implied in every contract under California law.  This covenant creates an obligation in Defendants not to hinder or prevent Plaintiff's ability to perform under the contract or receive the benefit of the contract.

55.     On or about November 28, 2006, Plaintiff entered into a loan agreement, executing a Promissory Note and Deed of Trust in favor of DHI Mortgage Company, LTD, LP, and subsequently Defendants.  Plaintiff alleges that Defendants breached the covenant of good faith and fair dealing and interfered with Plaintiff's ability to perform under the contract by refusing to provide Plaintiff any meaningful assistance and then impairing his ability to get current on his loan like he was trying desperately to do.

Exhibit 1
Page 18

56.     For years, Plaintiff substantially performed under the loan agreement, making his full monthly payments on time every month.

57.     Defendant's negligence in responding to Plaintiff's requests for assistance, coupled with prolonged review periods and major communication failures, forced Plaintiff into an unrecoverable default whereby if assistance was not offered, Plaintiff would have on other means to save his home.

58.     Therefore, because Defendants induced Plaintiff to not perform under the contract by failing to provide assistance as required by law, Plaintiff's performance was excused as set forth under Cal. Civ. Code § 1511, which states if a defendant does some act naturally tending to induce the plaintiff not to perform, the plaintiff's failure to perform is excused. When this occurs, according to Cal. Civ. Code § 1512, the plaintiff is entitled to all the benefits of the contract had it been performed by both parties. As such, no conditions existed that would interfere with Defendant performing under the contract, and all conditions necessary for Defendants to fulfill its obligations under the contract had occurred when Defendants coerced Plaintiff into missing payments by promising Plaintiff that he would not face foreclosure if he did so. In fact, this promise was designed to induce and coerce Plaintiff to miss payments and sit idly by during supposed review periods so that Defendants could foreclose on Plaintiff's loan.

59.     As a proximate result of Defendants' acts and practices, Plaintiff's credit has been detrimentally impacted, and Plaintiff now risks the loss of his home through foreclosure. Plaintiff has incurred contract damages, according to proof at trial, attorney's fees, costs to save the home, and loss of equity.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

(Against ALL Defendants)

60.     Plaintiff hereby incorporates by this reference, paragraphs 1 through 59, as though fully incorporated herein.

61.     The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury. (Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917 [50Cal.Rptr.2d 309, 91 1 P.2d 496].)

62.     At all times relevant herein, Defendant OCWEN, acting as Plaintiff's lender and servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited to, disclosing to Plaintiff the real status of any foreclosure actions taken by it, refraining from taking any action against Plaintiff outside its legal authority, and providing all relevant information regarding Plaintiff's loan accounts with Defendants.

63.     Under the facts specified above and in the allegations incorporated, the Defendants were under a duty to Plaintiff and are liable to the Plaintiff for Negligence.

64.     It is true that some courts have held that in the standard lender/borrower relationship, a duty of care is not necessarily created.  For instance, the court held in Nymark v. Heart Federal Savings & Loan Association., 231 Cal. App. 3d 1089, l095 (1991) that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."

65.     However, the Nymark court simply found that a duty was not owed under the facts in that case after analyzing them pursuant to the six part test established in Biakanja v. Irving, 49 Cal2d 647, 122 P.2d 294.

66.     A relationship of trust and confidence existed between Plaintiff and Defendants. Among other things, Plaintiff entrusted Defendants with his home mortgage refinancing as well as with a myriad of confidential information with regard to the subject mortgage loans, including, without limitation, Plaintiff's social security numbers and/or tax ID numbers, tax returns, W2's,

Exhibit 1
Page 20

pay stubs, bank statements, other income information and/or verification, financial statements, information with regard to Plaintiff's debt, work history, credit history and net worth.

67. A fiduciary relationship came into existence when Plaintiff and Defendants were negotiating foreclosure options. Defendants promised and represented that Plaintiff would be receiving a loan and the repayment options would be within Plaintiff's monthly means.

68. In addition to the above-described common law fiduciary relationship, Defendants automatically occupy a fiduciary relationship to their Principal, including Plaintiff, and owe Plaintiff the highest possible duty including, but not limited to, absolute honesty and undivided loyalty.

69. When OCWEN was acting as servicer of Plaintiff's loan, there existed the traditional lender/borrower relationship, which does not usually impose a duty of care. However, once Defendants promised and represented that Plaintiff would be considered and properly evaluated for all available mortgage relief options, they stepped outside the role of a traditional lender and created a duty of care to Plaintiff.

70. Defendants created a duty to Plaintiff when it: (1) affected Plaintiff by making clear and unambiguous promises and representations regarding modifying Plaintiff's loan to prevent foreclosure; (2) spent months delaying making a decision on Plaintiff's request for mortgage relief; (3) created additional arrears by refusing to accept a payment from Plaintiff; (4) the harm of Plaintiff losing his home was foreseeable if the numerous promises made by many different employees were breached; (5) Plaintiff's injury was certainly foreseeable; (6) Defendants' long period of bad-faith conduct with Plaintiff over saving his home from foreclosure is evidence of them causing Plaintiff's injury and damages; (7) the extreme runaround, contradictory promises, directives from various employees, all create moral blame with regards to Defendants; (8) the public policy of preventing future harm would require Defendants to answer for their mistreatment of Plaintiff.

71. Defendants breached their duty of care to Plaintiff by signing inaccurate and invalid written instruments concerning Plaintiff's home mortgage loan, falsifying loan

- 13 -

Exhibit 1
Page 21

1  documents, misleading Plaintiff, and promising there would be no foreclosure attempt of Subject
2  Property.

3      72.     Defendants failed to disclose to Plaintiff the existence of any other available
4  mortgage relief programs as required under current California statutes

5      73.     At the time Defendants made their representations and/or omissions to Plaintiff as
6  alleged above, they knew, or had reason to know, that said representations and/or omissions were
7  in fact false, and nevertheless made them, with the intent to defraud Plaintiff and cause Plaintiff
8  to believe his home would not be foreclosed upon.  Had Plaintiff known the true facts, Plaintiff
9  would have demanded an explanation and/or clarification from Defendants and pursued other
10 available legal remedies to protect their interests.

11     74.     The lack of proper assistance and communication by Defendants caused Plaintiff
12 monetary loss, severe emotional stress at the loss Plaintiff's home, loss of home equity, and more.

13     75.     Plaintiff demands damages in an amount to be proven at trial.

14

15                          **FIFTH CAUSE OF ACTION**

16              **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

17                          (Against ALL Defendants)

18     76.     Plaintiff hereby incorporates by this reference paragraphs 1 through 75, as though
19 fully set forth herein.

20     77.     Plaintiff alleges Defendants negligently inflicted emotional distress upon him.

21     78.     Defendants wrongfully pursued foreclosing on Plaintiff's home in violation of
22 various California statues as mentioned above.

23     79.     Plaintiff has directly suffered serious emotional distress in response.  Plaintiff
24 requested assistance from OCWEN and was continually ignored.  Furthermore, Defendants had
25 a routine practice of making false assurances to Plaintiff on which Plaintiff would justifiably rely.

26     80.     Plaintiff diligently followed all instructions asked of him by Defendants which
27 ultimately led him to a worse position.  Plaintiff spent countless nights suffering from severe

28

                                      - 14 -

Exhibit 1
Page 22

anxiety due to the questionable business practices Defendants conducted. Plaintiff's anxiety manifested itself as a decrease in Plaintiff's general health and a lower quality of life.

81.     Plaintiff demands an award of damages for all his distress suffered in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### BREACH OF EQUAL CREDIT OPPORTUNITY ACT
(Against ALL Defendants)

82.     Plaintiff hereby incorporates by this reference paragraphs 1 through 81, as fully set forth herein.

83.     According to 12 CFR 1002.9, "a creditor must notify an applicant of action taken on the applicant's request for credit, whether favorable or adverse, within 30 days after receiving a completed application."

84.     Plaintiff submitted applications for a loan modification with the assurances from Defendants that they would reach a resolution on Plaintiff's request within thirty days. Defendants failed to notify Plaintiff of a resolution within the mandatory thirty day period.

85.     Defendants' unjustifiable delay resulted in Plaintiff falling substantially behind on his mortgage despite the fact Plaintiff complied with all instructions asked of him by Defendants.

86.     Defendants have violated section 1002.9 of the Equal Credit Opportunity Act (ECOA) in that Defendants have failed to respond to Plaintiff's application within thirty days.

87.     In addition to actual damages, the ECOA provides for punitive damages of up to $10,000 along with an award of court costs and attorney's fees as per 12 CFR 1002.16.

88.     Plaintiff demands an award of damages for Defendants' violation of the ECOA in an amount to be determined at trial.

//

//

//

- 15 -

Exhibit 1
Page 23

## SEVENTH CAUSE OF ACTION

### FOR DECLARATORY RELIEF

(Against ALL Defendants)

89.     Plaintiff hereby incorporates by this reference paragraphs 1 through 88, as though fully set forth herein.

90.     An actual controversy has arisen and now exists between the parties to this complaint and their respecting rights and responsibilities.

91.     Plaintiff requests and is entitled to a judicial declaration and judgment of this Court that:

(A)     That Defendants failed to abide by their own guidelines in offering Plaintiff an application for a loan modification or other alternative in violation of Civil Code §2923.6 and further violated numerous communication requirements as dictated by the California Homeowners Bill of Rights.

(B)     That Defendants and each of them, failed to provide the required statutory notifications and undertake the required courses of action as mandated under California's Civil Code.

92.     Plaintiff has no adequate remedy at law for the injuries that have occurred and are being threatened by the Defendants herein.

93.     Plaintiff has additionally been injured in that Plaintiff has incurred unlawful foreclosure fees and expenses, which have been added to the amount of Plaintiff's loan.

## EIGHTH CAUSE OF ACTION

### FOR INJUNCTIVE RELIEF

(Against ALL Defendants)

94.     Plaintiff hereby incorporates by this reference paragraphs 1 through 93, as fully set forth herein.

MBAMAONYEKWU v. OCWEN LOAN SERVICING, LLC – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit 1
Page 24

95. Under California law, a borrower may bring an action for injunctive relief to enjoin a material violation of Civil Code section 2923.55, 2923.6, 2923.7, 2923.9, 2924.10, or 2924.11.

96. Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the bank has corrected and remedied the violations giving rise to the action for injunctive relief. Civil Code 2924.12.

97. Pursuant to California Civil Code section 2924.19 (a), any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief.

98. Also under these laws, pursuant to California Civil Code section 2924.19 (h), a court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. Id. At subsection (g). Additionally, a borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section. Id at subsection (h). Under the recently-enacted California Homeowner Bill of Rights, a mortgage servicer/bank may not record a notice of default until it complies with numerous specific conditions set forth in the statute at 2924.18 and further cannot continue foreclosure proceedings unless all rights of the borrower are considered and give.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. A declaratory judgment and order of this Court that:

(A) Defendants, and each of them, may not foreclose on the Property until they have honored and proven that all statutory requirements stemming from and relating to Plaintiff's options to avoid foreclosure have been met.

(B) That Defendants failed to abide by their own guidelines in qualifying or reviewing Plaintiff for a loan modification in violation of Civil Code §2923.6.

- 17 -

Exhibit 1
Page 25

1     (C)    That Defendants and each of them, failed to provide the required statutory

2 notifications and undertake the required courses of action as mandated under California's Civil

3 Code.

4     2.    For a temporary restraining order, preliminary injunction and permanent

5 injunction prohibiting Defendants from engaging in unlawful and deceptive acts and practices

6 of foreclosing on property of California homeowners, including Plaintiff, without considering

7 her for within their guidelines, and when anticipated recovery through a modification or

8 workout plan exceeds anticipated recovery through foreclosure on a net present value basis.

9     3.    For disgorgement of Defendants' illegal profits and gain, including but not

10 limited to all foreclosure fees and costs charged California homeowners, including Plaintiff.

11     4.    For an award of actual damages in an amount within the jurisdictional limits of

12 this Court to be proven at trial.

13     5.    For general damages, according to proof.

14     6.    For special damages, according to proof.

15     7.    For consequential damages, and incidental damages, according to proof.

16     8.    For an award of reasonable attorney's fees pursuant to agreement of the parties,

17 according to proof.

18     9.    For an award of interest, including prejudgment interest, as provided by law.

19     10.    For costs of suit; and

20     11.    For such other relief as the Court deems just and proper.

24 DATED: May 2, 2016                 KETTNER LAW CORPORATION

BY: _____

MARC APPLBAUM

Attorney for Plaintiff

**- 18 -**

MBAMAONYEKWU v. OCWEN LOAN SERVICING, LLC – COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit 1
Page 26

1

**Kettner Law Corporation**
Marc Applbaum (SBN: 222511)
2150 W Washington St., Suite 104
San Diego, CA 92110
Tel: (619) 756-7300
Fax: (619) 363-3944
marc@kettnerlawcorp.com

FILED

2016 MAY 10  A 9: 50

STEPHEN H. NASH
CLERK OF THE SUPERIOR COURT
COURT OF CONTRA COSTA, CA

BY:_____
DEPUTY CLERK

D. WEDER

Attorney for Plaintiff, CHRIS MBAMAONYEKWU

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

**C16-00887**

| | |
|---|---|
| CHRIS MBAMAONYEKWU <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC; LAW OFFICES OF LES ZIEVE; and DOES 1 through 50, inclusive, <br><br> Defendants | Case No. <br><br> **NOTICE OF PENDENCY OF ACTION** <br> **[CCP § 405.20]** |

**NOTICE IS HEREBY GIVEN** that the above-entitled action was filed in the above court on

May 2, 2016, by CHRIS MBAMAONYEKWU, Plaintiff, against OCWEN LOAN SERVICING; LAW

OFFICES OF LES ZIEVE; and DOES 1 through 50, inclusive, Defendants. The action effects title to

real property and the validity of foreclosure actions taken by defendants in the complaint. The specific

- 1 -

BY FAX

Exhibit 1
Page 27

real property is affected by the action is located in the County of Contra Costa, State of California, and described as follows:

## **LEGAL DESCRIPTION**

PARCEL 1:

LOT 151 OF SUBDIVISION NO. 8786-SUMMER LANE, IN THE CITY OF RICHMOND, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, FILED IN THE OFFICE OF THE COUNTY RECORDER OF CONTRA COSTA COUNTY ON JULY 21, 2005, IN BOOK 480 OF MAPS, AT PAGE 25, AS CORRECTED BY THE CERTIFICATE OF CORRECTION RECORDED NOVEMBER 8, 2005, INSTRUMENT NO. 2005-433047, OFFICIAL RECORDS ("MAP").

RESERVING AND EXCEPTING THEREFROM:

"ALL OIL, GAS AND OTHER HYDROCARBONS, GEOTHERMAL RESOURCES AS DEFINED IN SECTION 6903 OF THE CALIFORNIA PUBLIC RESOURCES CODE AND ALL OTHER MINERALS, WHETHER SIMILAR TO THOSE HEREIN SPECIFIED OR NOT, WITHIN OR THAT MAY BE PRODUCED FROM THE PROPERTY AND THE ADJOINING STREETS, ROADS AND HIGHWAYS; PROVIDED, HOWEVER, THAT ALL RIGHTS AND INTEREST IN THE SURFACE OF THE PROPERTY ARE HEREBY CONVEYED TO GRANTEE; NO RIGHT OR INTEREST OF ANY KIND THEREIN, EXPRESS OR IMPLIED, BEING EXCEPTED OR RESERVED TO GRANTOR EXCEPT AS HEREINAFTER EXPRESSLY SET FORTH; AND PROVIDED FURTHER THAT GRANTOR SHALL NOT, IN EXERVISING SUCH RIGHTS, DO ANYTHING WHICH WILL DAMAGE THE SURFACE OF THE PROPERTY OR ANY STRUCTURES THEREON, AND SHALL NOT CONDUCT ANY DRILLING OR OTHER OPERATIONS OF ANY KIND IN THE FIVE HUNDRED (500) FEET BELOW THE SURFACE OF THE PROPERTY, "AS RESERVED IN THE DEED FROM STANDARD OIL COMPANY OF CALIFORNIA, RECORDED NOVEMBER 12, 1973, BOOK 7089, PAGE 131, CONTRA COSTA RECORDS.

FURTHER RESERVING THEREFROM SUCH EASEMENTS DESCRIBED IN THE DECLARATION DESCRIBED BELOW, AND THE TRACT MAP OF RECORD REFERENCED ABOVE, AND SUCH OTHER EASEMENTS AS MAY BE OF RECORD AS OF THE DATE HEREOF (INCLUDING FUTURE EASEMENTS REQUIRED TO BE GRANTED PURSUANT TO THE TRACT MAP).

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE GRANTOR HEREOF, AN EASEMENT FOR INGRESS, EGRESS AND ACCESS IN, ON, OVER, THROUGH AND ACROSS SUCH PARCELS TO PERMIT GRANTOR TO INSTALL IMPROVEMENTS ON SUCH PARCELS AND ON ADJACENT PARCELS AND WITHN FUTURE PHASES OF THE SUMMER LANE PROJECT AS DESCRIBED IN THE DECLARATION THE GRANTOR FURTHER RESERVES

- 2 -

THE RIGHT TO PREVENT ACCESS OVER PORTIONS OF SUCH PARCELS BY PLACING A CONSTRUCTION FENCE OR OTHER BARRIER OVER SUCH PARCELS PRIOR TO COMPLETEION OF CONSTRUCTION OF ALL THE IMPROVEMENTS WITHIN THE SUMMER LANE PROJECT. HOWEVER NO SUCH BARRIER FENCE SHALL PREVENT INGRESS OR EGRESS BY GRANTEE TO AND FROM HIS OR HER LOT.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR INGRESS, EGRESS, USE AND ENJOYMENT, OVER, IN, TO, AND THROUGHOUT THE ASSOCIATION PROPERTY DESCRIBED IN THE DECLARATION, SUBJECT TO THE LIMITATIONS SET FORTH THEREIN, WHICH EASEMENT IS APPURTENANT TO THE RESIDENTIAL LOT DESCRIBED ABOVE.

PARCEL 3:

A NON EXCLUSIVE EASEMENT OVER THE ADJACENT RESIDENTIAL LOTS NECESSARY FOR MAINTENANCE, REPAIR OR REPLACEMENT OF THE JOINT STRUCTURES AS DESCRIBED IN THE DECLARATION AND FOR DRAINAGE ON, OVER, THROUGH AND ACROSS THE OTHER RESIDENTIAL LOTS.

PARCEL 4:

A NON-EXCLUSIVE EASEMENT OVER THE PORTION OF RESIDENTIAL LOTS LOCATED ADJACENT TO THE RESIDENTIAL LOT GRANTED HEREUNDER CONTAINING CROSS LOT DRAINAGE FACILITIES AS SET FORTH IN THE DECLARATION. THE CROSS LOT DRAINAGE FACILITIES SHALL BE USED FOR THE PURPOSES AND SUBJECT TO THE CONDITIONS SET FORTH IN THE DECLARATION.

APN: 405-690-151-7

DATED: May 2, 2016          KETTNER LAW CORPORATION

BY: _____
    MARC APPLBAUM
    Attorney for Plaintiff

- 3 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KETTNER LAW CORP.<br>Marc Applbaum (SBN 222511)<br>2150 W Washington Street, Suite 104<br>San Diego, CA 92110<br>TELEPHONE NO.: 619-756-7300　　FAX NO.: 619-363-3944<br>ATTORNEY FOR *(Name)*: Chris Mbamaonyekwu | **FILED**<br>2016 MAY 10　A 9: 49<br>D. WEBER<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF CONTRA COSTA, CA<br>BY: _____ DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Taylor Courthouse

CASE NAME:
Mbamaonyekwu v. Ocwen Loan Servicing, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C16-00887 |
|---|---|---|
| ☑ Unlimited　☐ Limited<br>(Amount　　(Amount<br>demanded　　demanded is<br>exceeds $25,000)　$25,000 or less) | ☐ Counter　☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☑ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is　☑ is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary　b. ☑ nonmonetary; declaratory or injunctive relief　c. ☐ punitive
4. Number of causes of action *(specify)*: 8
5. This case ☐ is　☑ is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 2, 2016
Marc Applbaum
_____
(TYPE OR PRINT NAME)
　　　　　▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

BY FAX

**Exhibit 1
Page 30**

MBAMAONYEKWU VS. OCWEN LOAN SERVICING

NOTICE OF CASE MANAGEMENT CONFERENCE          CIVMSC16-00887

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  09/27/16       DEPT:  09       TIME:    9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

        a.  an order establishing a discovery schedule
        b.  an order referring the case to arbitration
        c.  an order transferring the case to limited jurisdiction
        d.  an order dismissing fictitious defendants
        e.  an order scheduling exchange of expert witness information
        f.  an order setting subsequent conference and the trial date
        g.  an order consolidating cases
        h.  an order severing trial of cross-complaints or bifurcating
            issues
        i.  an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/10/16          _____

                          D. WEBER
                          Deputy Clerk of the Court

**Exhibit 1**
**Page 31**

## NOTICE TO PLAINTIFFS
### In Limited Jurisdiction Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-659b)
   e. <u>Blank</u>: Case Management Statement (Judicial Council form CM-110)
   f. <u>Blank</u>: Issue Conference Statement (Local Court Form CV-659c)
   g. <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)
   h. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-659e)

> You may also fill out a Case Questionnaire for Limited Civil Cases (Judicial Council form DISC-010) to help organize your case information. If you do, then you must serve the completed form and a blank copy of the form on the defendant(s). Be sure to keep copies of everything you have served. You do not file this form at court.

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order *(Order to Show Cause)* for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

Local Court Form - Information/Instructions
CV-659e Rev 07/25/07 Packet Revised 7/1/11

**Exhibit 1**
**Page 32**

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
### In Limited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management Conference (shows hearing date and time)

    d.    <u>Blank</u>: Case Management Statement   (Judicial Council Form CM-110)

    e.    <u>Blank</u>: Issue Conference Statement    (Local Court Form CV-659c)

    f.    <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)

    g.    Alternative Dispute Resolution (ADR) Information sheet  (Local Court Form CV-659e)

    h.    <u>Blank</u> Case Questionnaire for Limited Civil Cases   (Judicial Council Form DISC-010)

        **NOTE:** If the plaintiff served a completed *Case Questionnaire* together with the blank form, you <u>must</u> fill out the blank form and serve it on the plaintiff.

---

  **WHAT DO I DO NOW?**  

### You must:

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement (CM-110)***

3. **File and serve your court papers on time**   Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court**   on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at:
www.courtinfo.ca.gov/forms/

<span style="color:red">**Exhibit 1
Page 33**</span>

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> (See TYPES OF MOTIONS below)

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

    Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

    a.  For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

    b.  For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

    c.  Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

    a.  For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b.  For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5. <u>Motion to Stay</u> *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

    **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library:**     Martinez: (925) 646- 2783    Richmond: (510) 374-3019
- **Ask the Law Librarian:**     www.247ref.org/portal/access_law3.cfm

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:            Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

Exhibit 1<br>Page 35

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
☐ Additional representation is described in Attachment 8.
f. Fax number:
g. Party represented:

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
  (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
  (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation (if available).**
  (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
  (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

Exhibit 1
Page 36

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**Exhibit 1**
**Page 37**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**Exhibit 1
Page 38**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

▶

_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**Exhibit 1
Page 39**

DISC-010

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| PLAINTIFF (Name): | CASE NUMBER |
| DEFENDANT (Name): | |

## CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
### (Under $25,000)

REQUESTING PARTY (Name):

RESPONDING PARTY (Name):

### —INSTRUCTIONS—

A. The purpose of the case questionnaire is to help the parties settle their differences without spending a lot of money. This is accomplished by exchanging information about the case early in the lawsuit. The exchange of case questionnaires may be started only by a plaintiff (or cross-complainant) in a limited civil case. The case questionnaire is optional, and if plaintiff (or cross-complainant) exercises the option, only this form may be used.

B. **Instructions for plaintiffs (and cross-complainants)**

  1. Under Code of Civil Procedure section 93, a plaintiff (or cross-complainant) may serve a completed case questionnaire and a blank questionnaire with a complaint (or cross-complaint).

  2. This is the only way you can require defendants (or cross-defendants) to serve you with a completed case questionnaire.

C. **Instructions for defendants (and cross-defendants)**

  1. If you have been served with a completed case questionnaire by a plaintiff (or cross-complainant), then you must fill in the blank case questionnaire. Your completed case questionnaire must be served on that same plaintiff (or cross-complainant) with your answer to the complaint (or cross-complaint).

  2. **THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT.**

D. **Instructions for all parties**

  1. **ALL QUESTIONS REFER TO THE INCIDENT OR AGREEMENT IN THIS LAWSUIT ONLY.**

  2. Answer each question. If a question is not applicable, answer "NA."

  3. Your answers are not limited to your personal knowledge, but you are required to furnish information available to you or to anyone acting on your behalf, whether you are a plaintiff, defendant, cross-complainant, or cross -defendant.

  4. Type or legibly print your answer below each question. If you cannot completely answer a question in the space provided on the case questionnaire, check the "attachment" box and put the number of the question and the complete answer on an attached sheet of paper or form MC-025. You should not put part of an answer on the case questionnaire and part on the attachment. You may put more than one answer on each attached page.

  5. When you have completed the case questionnaire, sign the verification and serve the original.

  6. You may compel compliance with these requirements under Code of Civil Procedure section 93.

  7. **DO NOT FILE THIS CASE QUESTIONNAIRE WITH THE COURT.**

Form Adopted for Mandatory Use
Judicial Council of California
DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Code of Civil Procedure, § 93
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit 1**
**Page 40**

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

—QUESTIONS—

1. **FOR ALL CASES**

   a. State your name and street address.

   b. State your current business name and street address, the type of business entity, and your title.

   c. Describe in detail your claims or defenses and the facts on which they are based, giving relevant dates.

   ☐ See attachment for answer number 1c.

   d. State the name, street address, and telephone number of each person who has knowledge of facts relating to this lawsuit, and specify his or her area of knowledge.

   ☐ See attachment for answer number 1d.

   e. Describe each document or photograph that relates to the issues or facts. You are encouraged to attach a copy of each. For each that you have described but not attached, state the name, street address, and telephone number of each person who has it.

   ☐ See attachment for answer number 1e.

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Exhibit 1
Page 41

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

1. f. Describe each item of physical evidence that relates to the issues and facts; give its location; and state the name, street address, and telephone number of each person who has it.

   ☐ See attachment for answer number 1f.

   g. State the name and street address of each insurance company and the number of each policy that may cover you in whole or part for the damages claimed.

   ☐ See attachment for answer number 1g.

2. FOR PERSONAL INJURY OR PROPERTY DAMAGE CASES

   a. Describe each injury or illness that you received and your present complaints about each.

   ☐ See attachment for answer number 2a.

   b. State the name, street address, and telephone number of each physician, dentist, or other health care provider who treated or examined you; the type of treatment; the dates of treatment; and the charges by each to date.

   ☐ See attachment for answer number 2b.

   c. Itemize the medical expenses you anticipate in the future.

   ☐ See attachment for answer number 2c.

   d. Itemize your loss of income to date, give the name and street address of each source, and show how the loss is computed.

   ☐ See attachment for answer number 2d.

Exhibit 1
Page 42

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

2. e. Itemize the loss of income you anticipate in the future, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2e.

f. Itemize your property damage, and state the amount or attach an itemized bill or estimate.

☐ See attachment for answer number 2f.

9. Describe each other item of damage or cost that you claim, and state the amount.

☐ See attachment for answer number 2g.

3. FOR CASES BASED ON AGREEMENTS

a. In addition to your answer to 1e, state all the terms and give the date of any part of the agreement that is not in writing.

☐ See attachment for answer number 3a.

b. Describe each item of damage or cost you claim, state the amount, and show how it is computed.

☐ See attachment for answer number 3b.

## VERIFICATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct..

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

**Exhibit 1
Page 43**

ATTORNEY/PRO PER FOR:

FOR COURT USE ONLY

*Superior Court of California, County of Contra Costa*

☐ CONCORD ☐ MARTINEZ ☐ PITTSBURG ☐ RICHMOND ☐ WALNUT CREEK

PLAINTIFF:

DEFENDANT:

## ISSUE CONFERENCE STATEMENT

CASE NUMBER:

DATE: | DEPARTMENT: | TIME:

Please provide a brief narrative statement regarding the following:

1) Description of your claims or defenses and facts and law on which they are based. Include extent of injuries, contentions regarding liability, any unusual evidentiary or legal issues anticipated at trial, and all matters of fact believed by any party to be appropriate for stipulation.

2) All witness lists, which includes a brief statement of anticipated testimony.

3) Has previously stated estimated length of trial changed? If yes, what is the estimated length of trial?

4) An exhibit list, which includes a description of each item.

5) A proposed statement of the case to be read to the jury.

Date: _____

_____
TYPE OR PRINT NAME

_____
SIGNATURE OF PARTY OR PARTY'S ATTORNEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____

Defendant(s) / Cross Defendant(s)

### *ADR Case Management Stipulation*
### *(Limited Jurisdiction Civil Cases)*

CASE NO.: _____

> ▸ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST SIGN AND FILE THIS FORM AND THEIR CASE MANAGEMENT STATEMENTS AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.
> ▸ PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION TO THE ADR OFFICE:**
> FAX: (925) 957-5689  MAIL:  P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i.  ☐ Mediation  (☐ Court-connected  ☐ Private)
      ii. ☐ Arbitration  (☐ Judicial Arbitration (non-binding)  ☐ Private (non-binding)  ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery:  (☐ Additional page(s) attached)
      i.   ☐ Interrogatories to: _____
      ii.  ☐ Request for Production of Documents to: _____
      iii. ☐ Request for Admissions to: _____
      iv.  ☐ Independent Medical Evaluation of: _____
      v.   ☐ Other: _____
   b. ☐ Deposition of the following parties or witnesses:  (☐ Additional page(s) attached)
      i.   _____
      ii.  _____
      iii. _____
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: _____
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | |
|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | |

Counsel for Defendant *(print)*    Fax

Signature

Signature

Counsel for Plaintiff *(print)*    Fax

Counsel for Defendant *(print)*    Fax

Signature

Signature

> **THIS SECTION WILL BE COMPLETED BY THE COURT CLERK ONLY.**
> The Case Management Conference set for _____ is vacated and rescheduled for _____ at:
> ☐ 8:30 a.m.        ☐ 1:30 p.m.        ☐ _____
> **PLAINTIFF / PLAINTIFF'S COUNSEL MUST NOTIFY ALL PARTIES OF THE CASE MANAGEMENT CONFERENCE.**



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

### *Questions? Call (925) 957-5787; or go to www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**Exhibit 1**
**Page 47**

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

Exhibit 1
Page 48

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 3.900-3.910 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639) when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787